RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
JUN 12 2017
JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| LATEASHA STUDYVENT, | ) | COMPLAINT |
| Plaintiff, | ) | DOCKET NO. 1:17-CV-2161 |
| v. | ) | PLAINTIFF DEMANDS A TRIAL BY JURY |
| DAVITA ACCOUNTABLE CARE SOLUTIONS, LLC, DAVITA RX, LLC, AIG ASSET MANAGEMENT, LLC and AIG ASSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Lateasha Studyvent respectfully alleges as follows:

## NATURE OF CASE

1.

This is a civil action for personal injuries suffered by Plaintiff Lateasha Studyvent ("Plaintiff") against Defendants Davita Accountable Care Solutions, LLC, Davita RX, LLC, AIG Asset Management, LLC and AIG Assurance Company. This action arise out of a medication overdose incident on October 19, 2015 at the Davita Healthcare Sweetwater facility I which a Nurse employed by Davita administered a lethal injection to Plaintiff. The Defendants' negligence was a substantial and contributing factor in causing Plaintiff's injuries.

## PARTIES

2.

Plaintiff, Lateasha Studyvent is an individual citizen of the state of Texas.

3.

Defendant Davita Accountable Care Solutions, LLC is a Georgia Corporation whose principal place of business location is Denver, Colorado. Davita has dialysis centers throughout the United States and may be served through its registered agent, Corporation Service Company, 40 Technology Parkway, Suite #300, Norcross, Gwinnett County, Georgia 30092.

4,

Defendant Davita RX, LLC is a Georgia Corporation whose principal place of business location is Denver, Colorado and may be served through its registered agent, Corporation Service Company, 40 Technology Parkway, Suite #300, Norcross, Gwinnett County, Georgia 30092.

5.

Defendant AIG Asset Management, LLC is a Georgia Corporation whose principal place of business location is New York, New York and may be served through its registered agent, Corporation Service Company, 40 Technology Parkway, Suite #300, Norcross, Gwinnett County, Georgia 30092.

6.

Defendant AIG Assurance Company is a Georgia corporation whose principal place of business location is New York, New York and may be served through its registered agent, Corporation Service Company, 40 Technology Parkway, Suite #300, Norcross, Gwinnett County, Georgia 30092.

## VENUE AND JURISDICTION

7.

This court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of the controversy exceeds seventy five thousand dollars ($75,000.00) and Plaintiff is a citizen of a state which is different from the state where the Defendants have their places of business.

8.

Venue is proper in this district, because the accident occurred in Lithia Springs, Georgia in the county of Douglas which falls within the jurisdiction of this Court. Further, our potential witnesses are likely to be located in Lithia Springs.

## FACTUAL ALLEGATIONS

9.

Davita is one of the country's largest providers of dialysis treatment with nearly 1,000 clinics nationwide. For the fiscal year ending December 31, 2016 Davita had earnings of approximately $739 million and ranks 200 on the *Fortune 500* list of the world's largest companies by revenue.

10.

Davita employs a staff of nurses within its facilities across the country.

## DAVITA NURSE JANE DOE

11.

On October 19, 2015, Jane Doe was employed by Davita as a Nurse.

12.

Jane Doe's job was based out of Davita in Georgia.

13.

Upon information and belief, on the evening of October 19, 2015, Jane Doe commuted from her home to the Davita facility in Lithia Springs, Georgia to commence her shift.

14.

Jane Doe began her shift at approximately 3:00 p.m. on October 19, 2015.

15.

Jane Doe's shift consisted of administering medications to patients who were receiving dialysis treatment and making various doses of medications to be administered to patients.

**LATEASHA STUDYVENT**

16.

On the evening of October 19, 2015, Ms. Studyvent arrived at Davita for her usual dialysis treatment at the facility in Lithia Springs, Georgia.

17.

At the conclusion of her dialysis treatment, Jane Doe administered a lethal overdose of iron sucrose into Plaintiff's intravenous line.

**THE INCIDENT**

18.

A few moments later Plaintiff began to experience a dangerous drop in her blood pressure, shortness of breath, severe diarrhea, vomiting, severe sweating and swelling.

19.

Jane Doe approached plaintiff and kept repeating that she administered the amount of medication that the doctor ordered and that she repeatedly asked him if the dosage was correct because she thought that it was an incorrect dosage.

20.

Jane Doe administered the dosage of medication despite her own misgivings.

21.

At approximately twenty minutes later, plaintiff's daughter who had arrived to pick plaintiff up demanded to be brought back to the treatment area when plaintiff was not in the waiting area.

22.

When plaintiff's daughter saw the condition of her mother in te treatment area she demanded that an ambulance be called.

23.

Plaintiff was transported from the facility to the hospital.

24.

Upon arrival at the emergency room, plaintiff was treated and her injuries were characterized by the emergency room physician as "life-threatening".

## FIRST COUNT-NEGLIGENCE

25.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

26.

On or about October 19, 2015, Plaintiff Lateasha Studyvent was a patient at Davita owned and operated by Davita Accountable Care Solutions, LLC.

27.

On or about October 19, 2015, the clinic where Ms. Studyvent was a patient was an employer of the nurse on duty in the regular course of business.

28.

On or about October 19, 2015, Jane Doe was working at the clinic that was owned by Davita Accountable Care Solutions, LLC.

29.

Davita was careless and negligent in the ownership and operation of its clinic which caused Ms. Studyvent to suffer severe personal injuries.

30.

As a direct and proximate result of said incident, Ms. Studyvent was caused to sustain several painful bodily injuries, including but not limited to gastrointestinal issues which required hospitalization and multiple procedure, extensive medical treatment, and will require significant ongoing supervision.

31.

As a direct and proximate result of the physical injuries sustained by Ms. Studyvent in the incident, she has been incapacitated from pursuing her usual employment and other activities, may be left with disabilities that will in the future similarly incapacitate her and cause her pain and suffering, and may require medical treatment.

## DAVITA'S RECKLESS OR INTENTIONAL CONDUCT

32.

Davita knew or should have known that Jane Doe was not adequately or properly trained to administer medication.

33.

As a result of Jane Doe's incompetence, she administered an overdose of iron sucrose into Ms. Studyvent's intravenous line causing life-threatening injuries.

34.

Further, Davita is a state of the art facility that is equipped with protocols in place designed to protect patients from just such occurrences.

35.

However, Jane Doe made the decision to administer what she knew was a lethal amount of medication to Ms. Studyvent. Davita knew or should have known that its nursing staff was not sufficiently trained on the administration of medication.

36.

Had Jane Doe's training been adequate, the subject incident could have been avoided.

37.

Defendants knew that their actions were substantially certain to result in serious injury or death because administering medication, by its nature, is a dangerous activity, and Davita heightened this danger through its activities.

38.

Upon information and belief Davita recklessly and intentionally engaged in a pattern and practice of having its nurses violating the Georgia Department of Health, its supervising body's regulations.

39.

Upon information and belief Davita knew or should have known that its nurses were routinely administering medication incorrectly and in a way not permitted under the Georgia Department of Health regulations.

40.

Davita not only failed to condemn, but condoned this practice of its nurses routinely violation Georgia Department of Health regulations.

41.

Davita knew or should have known that its nurses were putting patients of its clinics in danger.

42.

Even if Davita's nurses were marginally complying with the regulations set forth under the Georgia Department of Health's regulations, the judgment in knowing that the medications they are told to administer are improper, they administered them nyway to the detriment and sometimes death of patients.

43.

Davita has a custom and practice of recklessly and intentionally allowing its nurses to administer improper doses of medications to its patients.

44.

Upon information and belief Davita recklessly and intentionally failed to take proper measures to combat the serious danger of its nurses improperly administering medication.

45.

As a direct, substantial and proximate result of reckless or intentional conduct of Davita, as set forth above, Plaintiff suffered serious injuries and damages.

46.

Davita's acts and/or failures to act under the circumstances of this case were outrageous in that Davita's conduct amounts to reckless indifference to the safety of its patients.

47.

As a result of Davita's gross, reckless, willful, wanton and intentional conduct, it should be appropriately punished with the imposition of punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to F.C.R.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands upon Defendants:

a. Actual, compensatory and statutory damages;

b. Punitive damages as allowed by law;

c. Pre and post judgment interest as allowed by law;

d. Injunctive relief;

e. An award of taxable costs; and

f. Any and all such further relief as this court deems just and proper.

By: _____
LATEASHA STUDYVENT
PRO SE

3329 W. Wadley Avenue, Apt #64
Midland, TX 79707
(404) 966-6280
lstudyvent@gmail.com

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LATEASHA STUDYVENT, ) | COMPLAINT |
| ) | |
| Plaintiff, ) | DOCKET NO. |
| ) | |
| v. ) | PLAINTIFF DEMANDS A TRIAL BY JURY |
| ) | |
| DAVITA ACCOUNTABLE CARE ) | |
| SOLUTIONS, ) | |
| LLC, DAVITA RX, LLC, AIG ASSET ) | |
| MANAGEMENT, LLC and AIG ) | |
| ASSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF DR. AKASH R. AMIN

I, Akas R, Amin am a licensed physician and am board certified in Nephrology. I have a special interest in Nephrology. I have clinical experience and have provided consultations related to clinical practice within five years of the date of the acts and omission that give rise to this cause of action. My experience includes working with and supervising nurses and other physicians in the field of medicine engaged in by the health care providers in this matter,

I have reviewed the Emergency Room records and procedures done by the Wellstar Emergency physician on October 19, 2015 and the report of treatment. I have also reviewed the endoscopy records. Based upon my review of these medical records and radiology films, and also based upon mu education, training

experience and knowledge of the facts of this case, it is my opinion with a reasonable degree of medical probability that the cre rendered to Lateasha Studyvent by Davita and Jane Doe, directly and through their actual and/or employees, departed from the applicable standard of care negligently performing, interpreting, communicating and/or documenting the October 19, 2015 administration of iron sucrose. With a reasonable degree of medical probability, had the nurse properly measured and administered, and the physician properly communicated the proper dosage of iron sucrose, directly and through their actual and/or apparent agents, servants and/or employees, caused severe and life-threatening injury to Ms. Studyvent.

Therefore, with a reasonable degree of medical probability, the departures from the standard of care by Davita directly and through their actual and/or apparent agents, servants and/or employees proximately caused Lateasha Studyvent to be hospitalized with iron sucrose poisoning thereby proximately causing extraordinary injury and mental suffering to her daughter.

My opinions are expressed with a reasonable degree of medical probability. Less than 20% annually of my professional time is devoted to activities involving

my testimony in personal injury claims.

_____
AKASH R. AMIN, M.D.

Sworn and scribed on this the 2nd day of June, 2017.

_____
NOTARY PUBLIC
My Commission expires: 11/16/20