IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LATEASHA STUDYVENT, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:17-CV-2161-LMM |
| v. | : | |
| | : | |
| DAVITA ACCOUNTABLE CARE | : | |
| SOLUTIONS, LLC, DAVITA RX, LLC, | : | |
| AIG ASSET MANAGEMENT, LLC | : | |
| and AIG ASSURANCE COMPANY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

This case comes before the Court on a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2). On June 15, 2017, Magistrate Judge Janet F. King granted Plaintiff *in forma pauperis* status for the purpose of allowing a frivolity determination.

## I.   FACTUAL BACKGROUND[1]

Plaintiff Lateasha Studyvent alleges that on October 19, 2015, a nurse working at a Davita dialysis clinic in Lithia Springs, Georgia administered the incorrect dosage of iron sucrose during Plaintiff's dialysis treatment. Plaintiff

---

[1] All facts are taken from the Plaintiff's complaint. Dkt. No. [3].

contends that the dosage was lethal and that as a result, she experienced a drop in blood pressure, shortness of breath, severe diarrhea, vomiting, severe sweating, and swelling.

Plaintiff further alleges that her daughter saw Plaintiff's condition and demanded that someone at the facility call an ambulance. An ambulance then transported Plaintiff to the hospital where she was treated for her injuries. Plaintiff also states that a physician in the emergency room characterized her injuries as "life-threatening." Additionally, Plaintiff alleges that she is experiencing ongoing gastrointestinal issues requiring hospitalization and is unable to pursue her usual employment and other activities as a result of the incident at the Davita dialysis clinic.

In her Complaint, Plaintiff has named Davita Accountable Care Solutions, LLC, Davita RX, LLC, AIG Asset Management, LLC, and AIG Assurance Company as Defendants. She has asserted two negligence claims against Defendants;[2] the first for negligence stemming from the specific incident and the second for negligent training and supervision.[3]

---

[2] Plaintiff has not specifically identified which claims are asserted against which Defendants, so the Court assumes they are each asserted against each Defendant.

[3] While Plaintiff does not label her second claim negligent training and supervision, based on the allegations asserted therein, the Court construes the claim as such.

## II.    LEGAL STANDARD

In cases involving a plaintiff proceeding *in forma pauperis*, the Court reviews the claims prior to service on the defendants. 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious; or (2) fails to state a claim upon which relief may be granted. The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the Court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. Id. at 324.

A claim is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. In other words, a complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "seeks to enforce a right that clearly does not exist." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted); see also Neitzke, 490 U.S. at 327. Claims premised on allegations that are "fanciful" or "fantastic" are subject to dismissal for frivolity. Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 325). In the

context of a frivolity determination, the Court's authority to "'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." <u>Denton</u>, 504 U.S. at 32 (quoting <u>Neitzke</u>, 490 U.S. at 325).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 680-685 (2009); <u>Oxford Asset Mgmt. v. Jaharis</u>, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

While the Federal Rules do not require specific facts to be pled for every element of a claim or that claims be pled with precision, "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" <u>Fin. Sec. Assurance, Inc. v. Stephens, Inc.</u>, 500 F.3d 1276, 1282-83 (11th Cir. 2007). A plaintiff is required to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "'naked assertion[s]' devoid of

'further factual enhancement'" do not suffice. <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

The Court recognizes that Plaintiff is appearing *pro se*. Thus, the Complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). However, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. <u>See</u> <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1998), <u>cert. denied</u>, 493 U.S. 863 (1989) (holding that dismissing a case filed by a *pro se* plaintiff proceeding in forma pauperis for failure to pay costs assessed as a penalty for unreasonable refusal to obey a discovery order did not constitute an abuse of discretion). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." <u>GJR Invs., Inc. v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998).

## III.   DISCUSSION

As discussed above, Plaintiff has asserted two counts against Defendants. The Court will analyze each.

### A. Count One

Plaintiff first brings a negligence claim against Defendants. The elements of a negligence claim are (1) a legally recognizable duty requiring the actor to

conform to a certain standard of conduct to protect others against unreasonable risk; (2) a failure to conform to the required standard; (3) a causal connection between the conduct and the injury; and (4) actual loss or damages. <u>Marquis Towers, Inc. v. Highland Grp.</u>, 593 S.E.2d 903, 906 (Ga. Ct. App. 2004).

Plaintiff alleges that a nurse at a Davita clinic administered the incorrect amount of a medication to Plaintiff and as a result of this incorrect dosage, Plaintiff suffered several serious injuries and had to go the hospital for treatment. Plaintiff also alleges that her injuries currently prevent her from pursuing employment and other activities and that she may require future medical treatment as a result of the Davita nurse's error.

As this is a frivolity review, the Court must determine if Plaintiff has alleged at least an *arguable* claim for negligence based on the nurse's actions. <u>Neitzke</u>, 490 U.S. at 327. If taken as true, the Court finds these facts could arguably support Plaintiff's claim against Davita Accountable Care Solutions, LLC and Davita RX, LLC as their employee arguably owed a duty to Plaintiff and arguably breached that duty. Therefore, Plaintiff's negligence claim against those Defendants is **NOT FRIVOLOUS**. However, Plaintiff fails to make a single allegation regarding AIG Asset Management, LLC and AIG Assurance Company. As such, to the extent Plaintiff has alleged this negligence claim against those Defendants, it is **DISMISSED** as **FRIVOLOUS**.

**B. Count Two**

Next, Plaintiff brings a claim against Defendants for negligent training and supervision. Plaintiff asserts that the Davita Defendants[4] recklessly or intentionally provided inadequate training to nurses, including the nurse that allegedly administered the incorrect dosage of medication and caused Plaintiff's injuries. Plaintiff alleges that the Davita Defendants knew the inadequate training was dangerous and knew that nurses regularly violated the Georgia Department of Health regulations in a dangerous manner. Plaintiff further contends that the Davita Defendants recklessly or intentionally allow nurses to administer improper doses of medication to patients on a regular basis.

To bring a claim of negligent training and supervision in Georgia, "there must be 'sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff.' " Novare Grp., Inc. v. Sarif, 718 S.E.2d 304, 309 (Ga. 2011) (quoting Leo v. Waffle House, Inc., 681 S.E.2d 258, 262 (Ga. Ct. App. 2009)). See also Remediation Res., Inc. v. Balding, 635 S.E.2d 332, 335 (Ga. Ct. App. 2006) (noting that an employer must exercise ordinary care regarding the supervision and training of an employee the employer knows or should know might cause the type of harm incurred by the plaintiff).

---

[4] Plaintiff does not clarify whether she brings this claim against Davita Accountable Care Solutions, LLC or Davita RX, LLC. Therefore, the Court assumes she brings this claim against both Davita Defendants.

As this is a frivolity review, the Court must determine if Plaintiff has alleged at least an *arguable* claim for negligent training and supervision based on the factual allegations in the complaint. If taken as true, the Court finds these facts could arguably support Plaintiff's claim against Davita Accountable Care Solutions, LLC and Davita RX, LLC as Plaintiff has alleged the Davita Defendants knew or should have known nurses regularly administer the incorrect doses of medication to patients.[5] Plaintiff's allegations do not lack "an arguable basis either in law or in fact." Neitzke, 490 U.S. at 327. Therefore, Plaintiff's second claim against Davita Accountable Care Solutions, LLC and Davita RX, LLC is **NOT FRIVOLOUS**. However, Plaintiff again fails to make a single allegation regarding AIG Asset Management, LLC and AIG Assurance Company. As such, to the extent Plaintiff has alleged this negligent training and supervision claim against those Defendants, it is **DISMISSED** as **FRIVOLOUS**.

## IV.   CONCLUSION

In accordance with the foregoing, the Court finds that Plaintiff's claims are **FRIVOLOUS** in part and **NOT FRIVOLOUS** in part. The Court finds that Plaintiff's claims against Davita Accountable Care Solutions, LLC and Davita RX, LLC are **NOT FRIVOLOUS**. The Court finds that Plaintiff's claims against AIG

---

[5] While Plaintiff's allegations regarding this alleged pattern lack some factual specificity, the Court notes that, for a frivolity review, the Court need only find that the Plaintiff has alleged an arguable claim. If there truly is a pattern of allowing nurses to administer the incorrect doses of medication, Plaintiff has alleged at least an arguable claim for negligent training and supervision.

Asset Management, LLC and AIG Assurance Company are **DISMISSED without prejudice** as **FRIVOLOUS**.

Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and initial disclosures form and return these forms to the Clerk of Court within **thirty (30) days** of this Order. **Plaintiff is warned that failure to comply in a timely manner will result in the dismissal of this civil action.** The Clerk is **DIRECTED** to submit this action to the undersigned if Plaintiff fails to comply.

Upon the Clerk's receipt of Plaintiff's completed USM 285 form, summons, and initial disclosures form, the Clerk is **DIRECTED** to prepare a service waiver package for Defendants. The service waiver package must include, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendants for return of the waiver form, one (1) copy of Plaintiff's Complaint, one (1) copy of the initial disclosures form, one (1) copy of this Order, and one ( 1) copy of any Order by the District Court upon the above recommendation. The Clerk shall retain the USM 285 form and the summons.

Upon completion of the service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver of Service of Summons form and mail the service waiver package to Defendants. Thereafter, the Defendants have a duty to avoid unnecessary costs of serving the

summons. If the Defendants fail to comply with the request for waiver of service, the Defendants must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event the Defendants do not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshals Service, a service package for Defendants. The service package must include the USM 285 form, the summons, one (1) copy of Plaintiff's Complaint, one (1) copy of this Order, and one (1) copy of any Order by the District Court upon the above recommendation.

Upon receipt of the service package, the U.S. Marshals Service is **DIRECTED** to personally serve Defendants, if they have failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

**IT IS SO ORDERED** this 22nd day of June, 2017

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

10